Next we will hear... Mr. Ledger, you may proceed. I gather you have traveled all the way from Guam, is that right?  Well, it's a pleasure to see you, and welcome. Thank you. It's quite exciting to be here in this court, in the country's capital. And we certainly hope the court appreciates what we have to say. The remarks that I've prepared essentially fall into two categories. There's two issues that I'd like to address. The first is that the briefing led to a situation where the government has, in our view, conceded that jurisdiction over the underlying actions lies with the District Court of Guam. And the government has essentially... Well, that's up to us to make a jurisdictional determination, regardless of what the parties say. We might end up disagreeing with both of you. I agree, Your Honor, and I'm not... That's why I said our reading is that they've made a concession, but I fully understand the court will make a determination on that particular issue. What I want to address is that if the court is inclined to agree with what the government has suggested as the appropriate disposition of this case, what they've asked in conjunction with that is that this court would remand the case to the District Court of Guam with additional instruction to the District Court of Guam to dismiss the case based on lack of jurisdiction in the District Court of Guam. And that's what I want to address. I think that if the court does take that position, that would be an improper disposition of the case. And the reasons... There are several good reasons for that. Number one is this court's ruling in Texas Health, 400-530-895. Reason number two is that the case cited in support of that position, the Gonzalez case, is easily distinguished because in that case, the underlying action in the District Court... The District Court had actually ruled on a motion to dismiss. In our situation, the motion for transfer in the District Court of Guam was a motion to transfer and the alternative a motion to dismiss. And the District Court of Guam did not address in any manner the motion to dismiss. But why isn't this within the jurisdiction of the Court of Federal Claims? I mean, it's a claim under due process clause. Perhaps it's also a claim for a taking. This doesn't belong in the District Court, does it? I mean, it really belongs in the Court of Federal Claims. No, it doesn't, Your Honor. And there are several good reasons why the underlying actions, why jurisdiction is proper in the District Court of Guam. Among them... Well, I think Judge Dyke was asking about jurisdiction of the Court of Federal Claims. So why don't you address the Court of Federal Claims' jurisdiction over your claim? Yes. Why does or does not the Court of Federal Claims have jurisdiction? The Court of Claims does not have jurisdiction over the underlying action for a number of reasons, primarily because of the lack of what we refer to as a money-mandating statute. Are you asserting a takings claim or not? No, we're asserting that there's been a violation of the due process clause of the Fifth Amendment and that as a result of that violation, we expect to be able to prove that there were damages. But is your argument that the due process clause is money-mandating? No, absolutely not. It's absolutely contrary to that, Your Honor. And we believe that there are a number of reasons... Well, then how does anybody have jurisdiction over it? It sounds very much as though you're saying, please don't send it to the Court of Federal Claims because we don't have a claim here. I would think your theory would be we've got a claim, right? And if there is a claim, it's for money, and money claims against the government go to the Court of Federal Claims. We think that the Ninth Circuit has spoken properly on that issue. But it doesn't make any difference. Under our decision in Christopher Village, that's not res judicata. It doesn't carry over. I understand that. We re-examine it. We've addressed that in our brief, and we've stated our reasons why we think that the Ninth Circuit ruled properly on the jurisdiction of the District Court of Guam in terms of the due process clause and money damages, and the government may have another motion to file. But I'm unclear. You say you agree that the due process clause is not money-mandating. Do you agree that there has to be some waiver of sovereign immunity in order to get money damages out of the government? That argument has been raised by the government. It hasn't been briefed. I don't think it's part of the issue before the court, but the answer to the question, Your Honor, is that we believe that if this case is remanded to the District Court of Guam with no further instructions on dismissal, we believe that if the government makes a motion to dismiss based on sovereign immunity, that we'll have a proper response to that, and we think the response will be successful. And it essentially consists of the fact that from the inception of this case, what my clients wanted to do was utilize every administrative remedy that was available to them. Those remedies... I think what Judge Prost is asking is what's the basis for the claim? If you have a money claim against the government, you have to find a money-mandating source, either in the Constitution or a statute. What's the money-mandating source for your claim? Well, we've argued that there is no money-mandating source or statute in this instance. Well, how can you recover that? Well, again, Your Honor, we're placing great reliance on the Ninth Circuit's analysis that the District Court of Guam has jurisdiction to hear a claim for damages based on a violation of due process. But that sounds as though you're saying the due process clause is the source of your claim. Yes, that's correct. Well, then you have to... the due process clause is a money-mandating provision, which gives jurisdiction here, right? I understand your question and your point, Your Honor, but we have briefed a contrary disposition of the case. We have briefed the case based on the Ninth Circuit decision granting jurisdiction to the District Court and... I understand, but what's the theory? I mean, you just told me that your argument is that the due process clause is money-mandating here. And if that's the theory, I mean, there has to be some money-mandating source. Why doesn't that belong in the Court of Federal Claims? You may win, you may lose, but... If we're going to use that label, money-mandating, I'll have to answer the question by saying that it's not money-mandating within the definition of, for example, Fisher or Greenlee County, the two recent cases that were decided in this court. And there's other cases that we've cited in our briefs. One in particular, I believe the pronunciation is Hockenbach. Hockenbach said specifically that... What's confusing me is that what you seem to be saying is that there isn't a money-mandating source, and therefore this case should not be heard by the Court of Federal Claims. It should go back to the District Court. But the only way you can make that argument is in effect undercutting your entire basis for any claim whatsoever. It's like saying, no, the reason that the transfer was improper is because we don't have a case. I understand that's the case that the government has argued. Well, why are they wrong? Because it seems to me we're hearing the same thing from you now. I'm not arguing the same thing that the government is arguing. I think our arguments are very simple. You're arguing that your claim is based on a violation of due process. Yes. That it's not a taking. That's correct. And if it's a violation of due process, you're arguing that that isn't a money-mandating source, and therefore it doesn't belong in the Court of Federal Claims, right? That's correct. It's not a money-mandating source within the definition of the cases that discuss that phrase in terms of jurisdiction of the Court of Claims. Then you don't have a case. Well, I understand and I appreciate the Court's position. I think that that goes back to the first point that I raised, is that when the case went up to the Ninth Circuit, one claim survived, and that's the claim for damages based on violation of due process. That's the claim that the Ninth Circuit sent back to Guam. And I understand that. But it seems to me that the Ninth Circuit was simply saying, to the extent that you may have been raising or you have raised a claim for damages based on a constitution, then we send it back to the district court to the extent the district court may or may not have jurisdiction. I think it was more precise. There was a reference to a taking. So I think that's probably what the Ninth Circuit had in mind, but it certainly wasn't limited to that. It simply said, to the extent you've raised a damage claim based upon a constitutional source, well, the district court can sort this out. But now you seem to be saying that, well, there is no takings claim, that the constitutional source is a due process claim. Because we're contesting the actions of the government and therefore it's not a taking. It doesn't belong in the Court of Federal Claims, but it doesn't leave you with much if that's your position. No, but I think the point I'd like to make in response, Your Honor, is that I think a close reading of the Americopter's decision by the Ninth Circuit, it's much more precise than that. Specifically, and I'll address the use of labels in a moment, but it specifically says that district courts, in this instance the District Court of Guam, have jurisdiction to entertain a claim for damages based on violation of due process. That's the Court's holding. But if they said that, they're wrong. I mean, it's up to us to decide this jurisdictional question, and under Christopher Village we've said we don't adopt and don't pay attention to decisions by our sister circuits as to the jurisdiction of the Court of Federal Claims. That's for us to decide. And so forget about what the Ninth Circuit said about this. It's not even clear that they were addressing the issue we're talking about now. It's up to us to decide whether the Court of Federal Claims is the right place to bring your claim. And in general the rule is if it's a claim for money and it doesn't fall within the $10,000 limit for the Little Tucker Act in the district courts, which this doesn't, it's under the regular Tucker Act and it has to be brought in the Court of Federal Claims, if anywhere. We've addressed that, Your Honor, in our briefing in this appeal. Why is that wrong? As an alternative position, we've placed that before this Court, that if the Court's decision is that the Guam District Court does not have jurisdiction, we have briefed and submitted in our briefs that the case should remain with the Court of Federal Claims as opposed to being nowhere. I would think that's what you would want. Well, we have addressed that. Understanding that we didn't come into this expecting the Court to immediately adopt our argument, but alternatively we have said that if this Court decides that the underlying actions belong in the Court of Federal Claims, we've essentially said that we would live with that decision. But on what basis would they belong in the Court of Federal Claims if you never made an allegation, never suggested, in fact you stated boldly to the contrary that the due process clause is not money mandating and that you have no takings claim. Well, in the context of attempting to persuade the Court to send the case back to the District Court of Guam, then necessarily we'd have to say that the due process clause of the Fifth Amendment is not money mandating. In the alternative, as we brief, if the Court decides that the due process clause is money mandating within the definition of the jurisdiction of the Court of Claims, that's where the case belongs, as opposed to being sent back to Guam and dismissed in its entirety. Where have you said that? I don't know. In the gray brief, in the blue brief? Thank you, that was my question, too. I don't know exactly, Your Honor. I can't point to it. Perhaps only Bud and I can point to that. Well, if you could, just we're in the brief, you've raised the alternative already. But what we've tried to do is to leave the door open to have the case not dismissed so that there's no forum anywhere for our clients. And in order to do that, there would have to be a determination that within the meaning of Fisher or Greenlee County that there's a money mandating statute underlying the action which would vest jurisdiction in the Court of Claims. And you're saying that you've argued that there is or that your position is that there's not? Well, we've argued that we believe the case should be sent back to Guam. That's for the Ninth Circuit. We don't want to leave ourselves in a position where there's no court anywhere to seek a remedy. So my understanding or my reading of the briefs is that we've said if this court disagrees with our position that the case should go back to Guam, then necessarily the court's decision is that it should go to the Court of Claims as opposed to going nowhere. Well, I'm reading your reply brief in the Americopters case, page 12, the bottom, where you say, however, should the FAA concede liability, leaving only the issue of the proper amount of damages, or should the court determine that jurisdiction over the monetary damage is sought and belongs to the Court of Federal Claims, then Americopters has properly asserted a takings claim as noted in its first amended complaint. Yes. So that's the alternative. Thank you, Your Honor, for indicating that. That's the referral. And the first amended complaint that was filed in the District Court of Guam, I think we've addressed this in the brief, is that depending on where things turn out, the label, although we don't think the label is significant in the court's analysis, as Your Honor has read, it would be considered to be a takings claim in the Court of Federal Claims. The proper label would be a takings claim. And you've suggested it's a takings claim, notwithstanding that your argument is, have you ever argued that what the government did was legal? I mean, you say here that they've properly asserted a case for just compensation under the Fifth Amendment. How so? Have we ever argued that what the government did was legal? Well, you've argued throughout, you've maintained that what the government did was illegal. Yes. And nonetheless, it's a claim for just compensation under the Fifth Amendment. I'm sorry, Your Honor. I missed the question. We have argued that what the government has done all along, all along we've argued that it has been unlawful. I missed the second part of your question. But nonetheless, you're asserting, at least in this provision in the brief that Judge Lynn referred to, that you've asserted a case for just compensation under the Fifth Amendment. Yes. Yes. How so? That's correct. In the First Amendment complaint that was filed in the District Court of Guam, one of the two counts of the First Amendment complaint asserts a takings claim that would be cognizable  if that's the way the Court decides this appeal. And that was the provision that Your Honor was referring to on page 12. That contention in that amended complaint was not contingent on the FAA's any concession of liability? I'd have to say honestly no, because we certainly have never heard any indication that they contend anything other than having acted lawfully. Lawfully means under the statutory scheme. But you can still have a takings claim that says that the regulation goes too far. That, for example, arguing that while it's lawful under the statutes to reach these decisions without a hearing, that that kind of regulatory scheme is too draconian and creates a takings. I don't think it's not that one, Your Honor. We don't contend that the regulatory scheme would be so draconian as to be unlawful. The underlying claim is that they didn't follow their own regulations. Well, that's a problem for you. All right, we'll reserve the rest of your rebuttal time. Mr. Chadwick? Okay, thank you, Your Honor. Good morning. May it please the Court, good morning. Pardon me. Well, we're the appellee, and our motion to transfer was granted, so it's difficult for me to argue that if this is a takings claim, let me put it in the positive, if this is a takings claim, as the Ninth Circuit appeared to say, the District Court certainly understood what the Ninth Circuit would have said. The District Court said in its order the claim that survived Ninth Circuit review is a takings claim set in each case. Then it does belong in the Court of Federal Claims. Whatever the claim is, if it's for money against the government, I would have thought that the government's position was it belongs in the Court of Federal Claims. Well, no, but this Court has held repeatedly that the due process clause, which up until the great brief for this morning, depending on how you look at it, is what the appellants have insisted on relying on. The due process clause is not money-mandating. That's not true. There are cases in which the due process clause has been recognized to be money-mandating. Commonwealth Edison, for example. It may be that when you get to the merits that there is no claim under the due process clause, but that's the point of Fisher. Fisher says don't confuse jurisdiction and the merits. If there's a money-mandating provision and the due process clause is under some circumstances money-mandating, it belongs in the Court of Federal Claims. What I don't understand is why in heaven's name the government would want these cases to be brought and these issues resolved in district court and then on appeal to the regional circuits as to whether there really is a claim here or not. That's not at all what we've said. Maybe I should back up. Really, it sounds that way. There are two possibilities. Either appellants have taking claims that because of their amount belong in the Court of Federal Claims, or no court can hear the claims. Those are the two possibilities. I have to respectfully disagree. Perhaps I should pursue this and give them my time. This court said in, for instance, LeBlanc, addressing constitutional claims, spoke to the due process clause and said that it's not a sufficient basis for jurisdiction because the due process clause, among others, does not mandate payment of money by the government. It's simply not a non-fulfilling obligation. But we have an in-bank decision in Commonwealth Edison which recognizes that under some circumstances the due process clause is money mandating. I have to respectfully disagree, Your Honor. Not standing alone. What do you mean, not standing alone? It can be the case that a taking can occur in the context of a due process violation. So, with the takers clause. It can be the case that there can be an illegal exaction that's resulted from a due process violation, which is essentially a statutory violation in that case. It's a statutory violation? What Commonwealth Edison considered was an illegal exaction claim under the due process clause. And it recognized that the due process clause is to some extent money mandating. It isn't never money mandating, despite the fact that there is stray language in some cases suggesting that that's the case. An illegal exaction claim is a claim based upon a statute, and the statute either a regulation. But the claim under... The structure of an illegal exaction claim is that the government has obtained money to which it was not entitled under the statute. Now, that is also a violation, if you will, of the due process clause. That's why one can bring such a claim. But the basis for relief there has to be tied to a statute or regulation on which the government has claimed money. It has to be under the due process clause. For an illegal exaction claim under the due process clause, it's not that the statute creates the claim, it's that the due process clause creates the claim. Your Honor, that's not what the Court of Claims said in Eastport Steamship and the seminal illegal exaction cases. But the fact of the matter is, in this case, this is not an illegal exaction claim. Right. And they haven't alleged an illegal exaction claim. Right. This is not a case about a transfer of cash to the government in any event. This is a claim for damages from the government for conduct that is claimed to have been wrong. Right. So even presuming, I don't think we did, but presuming we've overstated the case with respect to the due process clause, it's not money mandating in the, if you will, the tort life sense, if government actors do something that allegedly causes a monetary injury. Why isn't that a merits question? Doesn't Fisher suggest that these are merits questions rather than jurisdictional? No. The problem is, if you are successful in treating these as jurisdictional questions, those jurisdictional issues are going to be resolved by the district courts and then by the regional circuits. And we're going to have a bifurcation of litigation as to whether claims are meritorious. Some of them characterized as jurisdictional issues will go to the regional circuits. Some of them characterized as merits questions will come here. And it's hard for me to believe that that's what Congress intended when it made clear that claims for money damages are to go to the Court of Federal Claims. And I really don't understand why the government has the slightest interest in bifurcating this litigation over the meritorious or non-meritorious nature of these claims so that some of the issues go to the regional circuits and some come here. I don't understand that. Why do you want to do that? That's not what we've said. But that's the consequence of it. Is it not? No, because it would have to be... The only waiver of sovereign immunity that could get a plaintiff into a district court, I mean, let's take for given that the Federal Tort Claims Act doesn't apply, would have to be the Little Tucker Act. This court is the expert court in the interpretation of the Tucker Act. The Big Tucker Act decisions... Yeah, but the point is, suppose there had been no motion to transfer this case and the district court had said, I'm dismissing for lack of jurisdiction because there's no claim here under the Tucker Act, because this is not an illegal exaction claim. The appeal in that case would then necessarily go to the regional circuit, would it not? Yes. Do you want that? We haven't looked at this case instrumentally. The teaching... I read Fisher, Your Honor, to say the opposite. Yes, so do I, but... Well, no, to say the opposite of the way you characterize it, Your Honor, respectfully. What Fisher says is you must make a non-frivolous allegation of a money-mandating provision. The situation here, the due process, it's been settled for decades. We've cited the Second Circuit case from 1976, the Court of Claims said in 1980, and on and on, that in the situation here, where there's an alleged tort-like situation, we're arresting your case in a due process. But you're not answering my question. Why do you want these cases in determining the frivolity or lack of frivolity of the claim to go to the regional circuits? We don't look at jurisdiction issues that way. That's not... What do you mean? I mean, if you prevail here and a district court dismisses a claim for lack of jurisdiction on the theory that it's frivolous, that appeal goes to the regional circuits, does it not? Yes, but we don't have any control over that. The fact is the jurisdiction is what it is. The fact is that you cannot establish Little Tucker Act jurisdiction in a district court by simply saying I've incurred damages absent a transfer of dollars and I cite the due process claim as my basis. But wait a minute. What is it that you want here? I mean, you know, on the brief, you're kind of arguing against interest. You just got up five minutes ago when you said essentially you're arguing here that the transfer was correct. So if the transfer was correct and it should be arguably in the court of claims, then what are you saying? But under Fisher, we ought to dismiss it here for lack of... It belongs in the court of claims, yes, if anywhere. But under Fisher, we should still dismiss it here at this level for lack of jurisdiction? Well, again, we're put in this box because of the insistence of the appellants of asserting these are due process claims for damages. They're not takings claims. Our motion in the district court was correct. We believe that they had to be construed as takings claims. It had to be what the Ninth Circuit meant or should be construed as takings claims. And so our motion was correct. We got here on appeal. Our motion was granted. Now the appellants want to appeal that, again, asserting no, they're due process claims for damages. Now, if you take them at their word, then they cannot be sent. You can't just say go to the court of federal claims and I guess we would want this to be very clear. If the jurisdiction is found to be in the court of federal claims, it has to be on the basis that these are taking claims, not that every claim appellant wants to assert is in the court of federal claims. Why isn't it? But why not? I mean, the whole idea is to have the court of federal claims sort out these claims, make a decision. If it decides it wrong, we can reverse it. The court of federal claims is supposed to decide whether these claims have merit or don't have merit, whether they're frivolous or not frivolous. That's the whole idea of having a specialized court like the court of federal claims to decide these issues. But it's too late in the day to say that an allegation of this kind, based solely on the due process clause, is a non-frivolous allegation of Tucker Act jurisdiction. This court has said over and over again, and in this context, the due process clause, the equal protection clause, the First Amendment, are not money matters. So what are you asking us to do? To dismiss it for lack of jurisdiction here or to send it back to the district court so that they can take an appeal of that issue up to the Ninth Circuit, as Judge Dyke pointed out? Well, if you remanded with instructions to dismiss, they couldn't take an appeal to the Ninth Circuit. Well, let's just suppose that we feel that we don't have the authority, and there seems to be a conflict in our court. Correct. Let's assume that if we follow the earlier case and say we can't tell a district court to dismiss, we lack jurisdiction over this appeal because it really is an issue which should go to the district court. Then it has to go up to the Ninth Circuit, right? Is that what you want? No. That's not the result we've asked for. We've said, we've pointed out, under cases like the Bender v. Williams Court School District, which is what the Gonzales and Gonzales-Bonds relied on, the court always has not only the power but the responsibility to determine the subject matter of jurisdiction of the trial court. And that is not different upon review of a transfer order. Obviously, as she pointed out, there's a conflict. But Texas Health Choice simply states that it should be different in the context of a transfer order. The Gonzales and Gonzales-Bonds, without referring to Texas Health Choice, we think that would get to the right result based on a much longer established precedent that you can always look at the jurisdiction of the trial court. Also, we've given an interpretation of the 1292 itself, which indicates that under the other provisions of 1292, it should be read the same here. We believe the entire order is what comes up for review. So there isn't, in our view, any lack of power. And what we've asked is that if you take the appellants at their word, that they insist on calling these due process claims for damages, they don't belong in any court, and that you've said you have the power to return it to the District Court with instructions to dismiss just as in Gonzales and Gonzales. That's just what happened. I mean, the claims obviously don't line up point for point, but that is exactly what happened. Well, what about their final assertion, which is if we don't agree with that, they're still preserving their Fifth Amendment claim? And that's what the brief said. That's it. This court, I think, could also see its way to granting the motion to transfer, or affirming, rather. But I would respectfully ask that if that's the case, that the court be very clear that you are affirming it with the understanding that's been developed now through the briefing that appellants now will recognize that they have takings claims, Fifth Amendment takings claims, and that that is what must be litigated in the Court of Federal Claims. As I said, we sought to transfer takings claims to the Court of Federal Claims. It's difficult at the bottom for us to argue against that result. But what happened was, even after that was granted, appellants continued to insist that they had these due process claims for damages. It's hard to comprehend exactly what the claim really is. In the appendix at page 11, this is in Jan's helicopter case, there is an amended complaint filed February 22, 2007, and it seems to me there's only one count. The heading is, Violation of due process under Amendment 5. Paragraph 19 says, The actions of the FAA constitute violations of due process under Amendment 5 to the United States Constitution and therefore an illegal taking. So on the one hand it's due process, on the other hand it's seemingly illegal taking. Who should sort that out? The Ninth Circuit or the Court of Federal Claims under our review? Well, I think this Court should sort it out first. Again, stating a position slightly against interest, I would suggest, first of all, I'd suggest that this was the same language that was in the original complaints and it may have led to the conflicting language in the Ninth Circuit's decision. It is a little hard to parse. But the fact that it says taking there, you know, we're not, as the government, going to argue that under a liberal construction that that count of the complaint couldn't be construed as alleging a taking. So we were showing the appellants the door of the Court of Federal Claims and they were refusing to walk in. So we believe that it can be construed that way. But in order to affirm, the transformer now, I think particularly given the arguments of appellants, we respectfully ask that the Court make it very clear that you're affirming not because you agree with the Ninth Circuit or not because you have anything to do with the Due Process Clause but because these are takings. But who's supposed to decide whether there's a due process claim here? Under the statutory scheme, isn't that supposed to be the Court of Federal Claims and on appeal here? And isn't that exactly what Fisher said? It overruled Goellan, which required a determination of non-favala and it said that the Court of Claims had broader jurisdiction than Goellan recognized. And that when you get to determining whether the claim has merit or lack of merit, that's for the Court of Federal Claims to decide and not for the District Court to decide. No? No. When a complaint is filed alleging a Tucker Act claim based on the Constitution... What are you reading from? I'm sorry. It's 1173, Fisher, in West Headnote Number 3. Trial court at the outset shall determine, either in response to a motion by the government or sui sponte, since the court is responsible for its own jurisdiction, whether the constitutional provision, statute, or regulation upon which plaintiff relies is money-mandated. If the court's conclusion is that the constitutional provision, etc., meets the money-mandating test, the court shall declare that it has jurisdiction. Well, there is ample, uncontroversial precedent, at minimum, in the factual situation alleged here. As the court said in LeBlanc, the due process claim is not money-mandating. Whether the claim is money-mandating in the factual circumstance addressed here is a merits question that's supposed to be decided by the Court of Federal Claims. It is not a jurisdictional question. That's what Fisher says. That's what Greenlee says. Well, we would... Well, I guess, I think ultimately, Your Honor, the case we disagree about is Commonwealth Edison, because I think you would suggest that Commonwealth Edison suggests that under some circumstances the due process clause standing alone can be money-mandating. If that's the court's reading of that case, then I suppose simply invoking the due process clause would be enough. I suppose there may be other clauses as well that might be enough to require the Court of Federal Claims to make a decision. Our understanding of all the law, certainly outside of the narrow legal exaction area, has been that for at least 30 years, the due process clause has not been a basis upon which you can get to a correct jurisdiction, the due process clause standing alone. So, I guess, if Commonwealth Edison has changed the law... But that's right, they lose on the merits. No, they lose on jurisdiction. Because you're saying if there's no jurisdiction, if the due process clause is not money-mandating, then it doesn't constitute a non-frivolous allegation. Just as if they had brought a First Amendment claim for damages in the Court of Federal Claims. That's not a money-mandating clause. It doesn't get past the jurisdictional examination. Due process clause, to our knowledge, claims based solely on the violations of due process, seeking money damages, do not get past the jurisdictional... What about the inquiry as to whether or not it's an exaction? I mean, maybe there is an inquiry to be made here. Or is it your view that because they need to allege that? I would think it would have to be alleged. An illegal exaction alleges that the government has money that it acquired at a certain time that it shouldn't have. If the structure of that is an illegal exaction claim, that would be different. But I think it's important to add the word for damages here, meaning for tort-like damages, not for the return of money paid. I think that distinguishes the case from the illegal exaction context fairly cleanly. And it's a jurisdictional analysis that any court can undertake to determine whether it's an allegation for money damages based on solely the due process clause. And that one gives you jurisdiction in that. In the Court of Federal Claims or under the Little Tucker Act in the district court. But it is also true that if we adopt your view in that respect and there is no transfer motion in the district court, then the decision of whether the statute or constitutional revision is money mandating or not money mandating then goes to the regional circuits, right? Yes. And you want that. Again, we don't argue jurisdictional questions based on what would be most convenient. But also at pages 10 and 11 of the red brief, we've cited, and we simply stopped so as not to get an improperly long string cite. We've cited 1, 2, 3, 4 other circuits, including the 2nd, the D.C. Circuit, the 4th, the 10th, that have all said that it's not a basis for Little Tucker Act jurisdiction that you elect a violation of the due process clause. We don't think that this is an opening up to a circuit split in any way. Rather, it's established law in the circuits as well. And the circuits as well look to this court for its interpretations of the Tucker Act. Thank you. All right. Thank you very much. Mr. Ledger? Your Honor, I think in light of understanding the court's position, and that of Mary Copters and Jans, would have to point the court to page 12 of the brief where we allege that should this court determine that jurisdiction over money damages sought by Jans belongs in the Court of Federal Claims, then Jans has properly asserted a takings claim, as Your Honor noted in the appendix 11 of the first amended complaint. And we certainly think that the allegation as stated there rises to the level of a takings claim that the Court of Claims could take cognizance over. In addition, panelists pointed out that Commonwealth Edison holds that a violation of due process would also be a money-mandating claim within the definition for getting jurisdiction within the Court of Claims. That's in the context of an illegal exaction, correct? It is. You haven't alleged an illegal exaction. You haven't alleged that the government is in possession of any money that you want to recover or anything of that sort. This is all about damages and a claim for damages against the government. That's correct. That's correct. And if it doesn't fit within the holding of Commonwealth Edison for the reasons stated by Your Honor, then the first amended complaint, appendix 11, sufficiently alleges a takings claim, which would be within the Court of Federal Claims, which was the basis for the motion to transfer. There's a problem that I'm having, and I think the problem that all of the courts that have addressed this have been having, is it's hard to discern what it is that you're actually claiming. The language I just read from your amended complaint, which in your principal argument you mentioned was amended so as to provide this alternative argument, doesn't seem to be an alternative. It's the only claim that you've presented, and it's couched as a due process claim resulting in a takings claim. What are we to make of your claim? Which is it, due process or takings? Well, understanding the distinction... It's the one claim you've made. Well, in the amended complaint, the intent was to assert two claims, understanding that the Ninth Circuit has distinguished between a takings claim and a due process violation. So our intent was to pay heed to that distinction and plead in the amended complaint a takings claim as well as a due process violation resulting in a loss to our clients. So listening to the remarks of the court, it seems that's the basis to get into the Court of Federal Claims per the motion to transfer. Wait, so are we conceding there's no dispute anymore? Are you agreeing... I mean, the government's position as of now is the motion to transfer was appropriate, and we ought to send it down to the Court of Claims to look at the Fifth Amendment takings claim, and that's what's left in this case. Absolutely. Is that your view? Yes, absolutely, Your Honor. As an alternative, or are you sort of getting rid of all the other allegations? What we're getting rid of is the opportunity for the court  with an instruction to dismiss the case. Certainly that's not the result that we would like to see. Alternatively, our only option is to litigate the remaining claims in the Court of Claims. So the answer to your question, Your Honor, is yes. All right. Anything else? Thank you very much. The case is submitted. That concludes our session this morning. All rise. The Honorable Court is adjourned until tomorrow morning at 10 o'clock.